**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

**IN RE:**

**PATRICK TODD TAYLOR**
**RITA K. TAYLOR**
**DEBTORS**

**CHAPTER 7**

**CASE NO. 11-61117-jms**

---

**RICHARD TEAGUE**
**PLAINTIFF**

**v.**

**PATRICK TODD TAYLOR**
**U.S. TRUSTEE**
**DEFENDANTS**

**ADV. PRO. NO. 11-06030**

**PROCEDURALLY CONSOLIDATED WITH**

**CATERPILLAR FINANCIAL SERVICES CORPORATION**
**PLAINTIFF**

**v.**

**PATRICK TODD TAYLOR**
**RICHARD TEAGUE**
**U.S. TRUSTEE**
**DEFENDANTS**

**ADV. PRO. NO. 11-06032**

---

**OPINION ON THE MOTION FOR SUMMARY JUDGMENT**
**FILED BY CATERPILLAR FINANCIAL SERVICES CORPORATION**

---

This matter came before the Court on the Motion for Summary Judgment [Doc. No. 27] (the “Motion”) filed by Caterpillar Financial Services Corporation. The Court reviewed the record including the Motion, the Response to the Motion filed by Richard Teague [Doc. No. 29], Caterpillar’s Reply to Teague’s Response [Doc. No. 32] (the “Reply”) and all materials in the record. Having heard argument from counsel for Caterpillar, counsel for Teague, and counsel

for Debtor Patrick Todd Taylor during the June 11, 2012, hearing, and being otherwise sufficiently advised, the Court hereby finds and concludes as follows:

## FINDINGS OF FACT

Considering the record in the light most favorable to Teague, the Court finds there is no dispute of fact to preclude summary judgment in favor of Caterpillar against Teague as set forth in the Motion and Reply. In reaching this decision, the Court has considered the materials in the record and the arguments of counsel.

The uncontroverted materials of record support the following findings:

1. On or about June 13, 2006, Caterpillar was assigned an Installment Sale Contract (Security Agreement) through which Sunnytime Seeding and Landscaping ("Sunnytime") financed the purchase of that certain 247B Caterpillar Multi-Terrain Loader (Serial No. MTL02507) (the "247B") and received a security interest in the 247B.

2. Taylor is the manager and owner of Sunnytime.

3. Sunnytime was in the business of commercial landscaping.

4. Since June 19, 2006, Caterpillar has maintained a perfected security interest in the 247B as evidenced by Financing Statement Number 2006-2175791-10 of record with the Kentucky Secretary of State.

5. Caterpillar filed a complaint against Sunnytime, Taylor (as a personal guarantor of Sunnytime's debts to Caterpillar), and others seeking payment for due and owing debts and recovery of its collateral, including the 247B, in the United States District Court, Eastern District of Kentucky (the "District Court") in Civil No. 10-316-GFVT (the "Collection Action").

6. The District Court granted judgment (the "Judgment") in the Collection Action in favor of Caterpillar, and as part of the Judgment, the District Court determined Caterpillar has a valid and enforceable security interest in the 247B.

7. In mid-May 2009, Taylor and/or Sunnytime sold the 247B to Teague, all without the consent of Caterpillar which had no knowledge of the sale.

8. According to Teague's allegations in his complaint, Taylor agreed with Teague that Taylor would "use the proceeds of the sale to pay off a debt to [Caterpillar] secured in part by that [247B]." [Doc. No. 1, Teague Complaint, p. 2, ¶ 13; Doc. No. 12, Response to Motion to Dismiss, p. 2 (quoting Taylor's 2004 testimony about Teague's knowledge of the security interest without qualification); Adv. Proc. 11-6032, Doc. No. 9, Answer of Teague to Amended Complaint, p. 7, ¶ 56 (incorporating Teague's Complaint)].

9. Teague now claims Taylor told him there was no lien on the 247B. [Doc. No. 29, Teague Affidavit, ¶ 2].

10. Despite repeated requested, both formal and informal, Teague has refused to make the 247B available to Caterpillar.

11. As set forth in the Agreed Judgment as to Nondishargeability [Doc. No. 20] (the "Agreed Judgment") entered in this adversary proceeding, Caterpillar has a valid, perfected security interest in the 247B.

12. There is no question that Taylor – as evidenced through the Agreed Judgment – and Sunnytime – as evidenced by the District Court Judgment – have outstanding debts secured by Caterpillar's security interest in the 247B.

**CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, states summary judgment is proper if the materials in the record show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56. A summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007).

As an initial matter, under the Uniform Commercial Code as adopted in the Commonwealth of Kentucky, "A security interest … continues in collateral *notwithstanding sale, lease, license, exchange, or other disposition* unless the secured party authorized the disposition free of the security interest …." KRS 355.9-315(1)(a) (emphasis added); *see also In re Lawson*, 2004 Bankr. LEXIS 740 (Bankr. E.D. Ky. May 28, 2004) (relying, in part, on KRS § 355.9-315, Judge Howard held that a security interest in a vehicle remains even though the former owner conveyed the vehicle through a divorce decree).

Caterpillar's security interest in the 247B continues in the 247B, despite the sale of the 247B to Teague.

Although Teague now claims he did not know of Caterpillar's security interest in the 247B at the time he purchased the 247B from Taylor, his statements to the contrary are binding judicial admissions.[1] "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) quoting *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982); *see also Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence."). A judicial admission must be "deliberate, clear, and unambiguous," *MacDonald v. GMC*, 110 F.3d 337, 341 (6th Cir. 1997), and Teague's statement about his agreement with Taylor, which could only be premised on his knowledge of Caterpillar's security interest, is a judicial admission.

Even if the Court were convinced that Teague did not have knowledge of Caterpillar's security interest, he still purchased the 247B subject to it. *See* KRS 355.9-315(1)(a).

---

[1] Teague's knowledge of Caterpillar's security interest in the 247B is corroborated by Taylor's testimony. [Doc. No. 12, Exhibit, Taylor 2004 Exam, p. 19-20].

For purposes of the instant matter, the only exception to KRS 355.9-315(1)(a) is found in KRS 355.9-320: A "buyer in the ordinary course of business" may take collateral free of a security interest. The term "buyer in the ordinary course of business" is specifically defined as:

> … a person that buys goods in good faith without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course *from a person in the business of selling goods of that kind*. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the *kind of business in which the seller is engaged* ….

KRS 355.1-201(i) (emphasis added).

"The buyer in the ordinary course exception is designed to protect buyers in the very limited set of circumstances where a lender takes a security interest in goods and then leaves the goods in the possession of a debtor who sells goods of that kind." *Madison Capital Co, LLC v. S & S Salvage, LLC*, 765 F.Supp.2d 923, 931 (W.D. Ky. 2011).

The buyer in the ordinary course defense does not apply here. Indisputably, the 247B is heavy equipment, and neither Taylor nor Sunnytime was in the business of selling heavy equipment. At all relevant times, Taylor owned and operated Sunnytime, which was in the business of commercial landscaping. Even though commercial landscaping companies may use heavy equipment, commercial landscaping companies are not considered sellers of heavy equipment. *Id.*, 765 F.Supp.2d at 930 (citations omitted) (finding mining companies are not in the business of selling mining equipment for purposes of the buyer in the ordinary course exception and citing a case finding that hauling companies that sell obsolete equipment from time-to-time are not in the business of selling trucks and trailers).

"A lender who takes a security interest in non-inventory and properly files a financing statement disclosing that interest has done all that is required to protect its interest." *Id.*, 765 F.Supp.2d at 931. Caterpillar did so here. Teague cannot prove that he was a "buyer in the ordinary course of business" as it relates to the 247B, and the 247B remains subject to Caterpillar's security interest.

The Court shall enter an order of judgment consistent herewith.

Service to all those in the CM/ECF notification system to receive notice in this case.



~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***




**Signed By:**
***<u>Joseph M. Scott, Jr.</u>***
**Bankruptcy Judge**
**Dated: Tuesday, June 19, 2012**
**(jms)**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~