**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **PATRICK TODD TAYLOR** | : | **CHAPTER 7** |
| **RITA K. TAYLOR** | : | |
|                 **DEBTORS** | : | **CASE NO. 11-61117-jms** |

| | | |
|---|---|---|
| **RICHARD TEAGUE** | : | |
|                 **PLAINTIFF** | : | |
| | : | |
| v. | : | |
| | : | |
| **PATRICK TODD TAYLOR** | : | **ADV. PRO. NO. 11-06030** |
| **U.S. TRUSTEE** | : | |
|                 **DEFENDANTS** | : | |
| | : | |
| **PROCEDURALLY CONSOLIDATED WITH** | : | |
| | : | |
| **CATERPILLAR FINANCIAL SERVICES CORPORATION** | : | |
|                 **PLAINTIFF** | : | |
| v. | : | **ADV. PRO. NO. 11-06032** |
| **PATRICK TODD TAYLOR** | : | |
| **RICHARD TEAGUE** | : | |
| **U.S. TRUSTEE** | : | |
|                 **DEFENDANTS** | : | |

**OPINION ON THE MOTION FOR SUMMARY JUDGMENT FILED BY**
**PATRICK TODD TAYLOR**

This matter came before the Court on the Motion for Summary Judgment [Doc. No. 26] (the "Motion") filed by Defendant and Debtor Patrick Todd Taylor. The Court reviewed the record including the Motion, the Response to the Motion filed by Richard Teague [Doc. No. 30], and Taylor's Reply to Teague's Response [Doc. No. 33] (the "Reply"). Having heard argument from counsel for Taylor, counsel for Teague, and counsel for Caterpillar Financial Services

1

Corporation during the June 11, 2012, hearing, and being otherwise sufficiently advised, the Court hereby finds and concludes as follows:

## **FINDINGS OF FACT**

Considering the record in the light most favorable to Teague, the Court finds there is no dispute of fact to preclude summary judgment in favor of Taylor against Teague as set forth in the Motion and Reply. In reaching this decision, the Court considered the materials in the record and the arguments of counsel.

The uncontroverted materials of record support the following findings:

1. In mid-May 2009, Taylor sold Teague a 247B Caterpillar Multi-Terrain Loader (Serial No. MTL02507) (the "247B").

2. The parties agreed Teague would pay to Taylor the amount Taylor and/or his business, Sunnytime Seeding and Landscaping, LLC, owed Caterpillar for a debt secured by the 247B. [Doc. No. 12, Exhibit, Taylor 2004 Exam, p. 19-20].

3. According to Teague's statement of the facts contained in his complaint, [Doc. No. 1], Taylor agreed with Teague that Taylor would "use the proceeds of the sale to pay off a debt to [Caterpillar] secured in part by that [247B]." [Doc. No. 1, Teague Complaint, p. 2, ¶ 13; Doc. No. 12, Response to Motion to Dismiss, p. 2 (quoting Taylor's 2004 testimony about Teague's knowledge of the security interest without qualification); Adv. Proc. 11-6032, Doc. No. 9, Answer of Teague to Amended Complaint, p. 7, ¶ 56 (incorporating Teague's Complaint)].

4. Taylor testified Teague knew Caterpillar held a security interest in the 247B, but Taylor and Teague did not agree the proceeds from the sale would be used to pay Caterpillar. [Doc. No. 12, Exhibit, Taylor 2004 Exam, p. 19-20].

5. In his affidavit, Teague states Taylor informed Teague there was no lien on the 247B. [Doc. No. 29, Teague Affidavit, ¶ 2].

6. On September 10, 2009, Taylor refinanced his obligation to Caterpillar and pledged the 247B as collateral.

7. Taylor filed for relief under Chapter 7 of the United States Bankruptcy Code on August 17, 2011.

8. On October 28, 2011, Teague, through his counsel, conducted a 2004 examination of Taylor.

9. On November 28, 2011, Teague filed this adversary proceeding against Taylor, seeking a determination that Taylor's sale of the 247B to Teague created a nondischargeable debt.[1]

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, states summary judgment is proper if the materials in the record show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56. A summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007).

Teague filed this adversary proceeding requesting a determination of nondischargeability under § 523(a)(2)(A) of the Bankruptcy Code. Subsection 523(a)(2)(A) excepts from discharge liabilities obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition. Each of the three

---

[1] This adversary proceeding was procedurally consolidated with Caterpillar's adversary proceeding, Adv. Proc. 11-6032, against Taylor regarding the 247B and another piece of equipment. Caterpillar also sought possession of the 247B from Teague.

3

types of conduct described in § 523(a)(2)(A) provides an independent ground for a dischargeability determination.[2]

The complaint does not specify the type of § 523(a)(2)(A) conduct providing the foundation for the alleged claim. Paragraph 16 of the complaint provides:

> The Debtor's debt resulting from his material, intentional misrepresentations described herein, *supra*, is the proximate cause of a debt owed to Plaintiff for money or property obtained by false pretenses, a false representation, and actual fraud, other than solely a statement respecting the Debtor's financial condition, and is, therefore, not dischargeable, pursuant to 11 U.S.C. 523(a)(2).

If proceeding under a false pretenses theory, a plaintiff must prove an omission or implied misrepresentation which the defendant knowingly and willingly promoted thereby creating a misleading understanding of the transaction on the part of the plaintiff causing plaintiff to wrongfully suffer a loss. *In re Hermoyian*, 466 B.R. 348, 377 (Bankr. E.D. Mich. 2012). If proceeding under a false representation theory, a plaintiff must prove (1) defendant obtained money (2) through a material representation (3) that, at the time, defendant knew was false or made with gross recklessness as to its truth, (4) defendant intended to deceive plaintiff, (5) plaintiff justifiably relied on the false representation, and (6) plaintiff's reliance was the proximate cause of loss. *In re Hermoyian*, 466 B.R. at 365.

Under both theories a plaintiff must show justifiable reliance and the reliance was the cause of the loss. *Id.*, 466 B.R. at 369-70.

False pretenses and false representations describe statements which falsely claim to portray current or past facts. *In re Todd*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983) (citations omitted). Taylor's alleged promise to pay Caterpillar, a promise Taylor testified was not made,[3] relates to a future action, not a current or past fact. Even if Taylor's testimony agreed with

---

[2] Claims under 11 U.S.C. § 523(a)(2)(A) may be based on false pretenses *or* false representation *and/or* actual fraud. *In re Hermoyian*, 466 B.R. 348, 363 (Bankr. E.D. Mich. 2012).

[3] *See* Doc. No. 12, Exhibit, Taylor 2004 Exam, p. 20.

4

Teague's allegation, such a statement by Taylor could not be categorized as a false pretense or false representation for purposes of a claim based on 11 U.S.C. § 523(a)(2)(A).

Similarly, if proceeding under a theory of actual fraud based on § 523(a)(2)(A), the allegations of fraud must include a representation that a debtor knew was false which induced the plaintiff to act, and reliance by and an injury to the plaintiff. *In re St. Clair*, 380 B.R. 478, 484 (B.A.P. 6th Cir. 2008).

This cause of action fails under the false pretenses, false representations and actual fraud theories because the materials of record show no omission or false representation, either implied or material, made by Taylor with regard to paying off the debt to cause the release of the Caterpillar lien.  While Teague alleged in the complaint that a material misrepresentation was made, he offers no evidence of such representation or any other materials in order to defeat Taylor's testimony offered in the record in support of the Motion.

Taylor's alleged failure to satisfy the Caterpillar debt with the funds paid by Teague for the 247B provides the basis for Teague's nondischargeability complaint.  According to Taylor's uncontested testimony, he and Teague never discussed using the funds Taylor obtained from Teague to pay Caterpillar.  [Doc. No. 12, Exhibit, Taylor 2004 Exam, p. 19-20].  Teague's affidavit does not dispute this assertion.[4]  There are no other materials in the record to support Teague's allegation that Taylor made this or any false representation to Teague.

To defeat a motion for summary judgment, Teague, as the nonmoving party, must provide specific facts showing there is a dispute as to a material fact for trial.  *Matsushita Elec. Indus. Co., LTD v. Zenith Radio Corp.*, 475 U.S. 574, 587.  Teague cannot rest on his pleadings, but must offer probative evidence to support his claims making it necessary to

---

[4] The entirety of Teague's affidavit provides:
1. I, Richard Teague, am the affiant;
2. Todd Taylor informed me there was no lien on the subject 247B.
3. First National Bank employee Less Sparks will testify that he was told by Todd Taylor that there was no lien of [sic] the 247B loader.
FURTHER THE AFFIANT SAYETH NAUGHT.

5

resolve the differences at trial. *Celotex Corp. v. Vatrett*, 477 U.S. 317, 324 (1986). Teague's response to the Motion is based on *speculation* of evidence which *might* be produced at trial. Teague has not met his burden.

An examination of the materials of record shows, with the exception of Teague's affidavit, there is no evidence suggesting Teague lacked knowledge that Caterpillar had a lien on the 247B. Further, there is no evidence the parties had an understanding the sale proceeds would be used to pay off the 247B loan. Teague's statement in his affidavit, which clearly contradicts factual allegations made in his complaint, is insufficient to create an issue of material fact to defeat a motion for summary judgment. *See Harriet & Henderson Yarns, Inc. v. Castle*, 75 F.Supp.2d 818, 835 (W.D. Tenn. 1999) (a party cannot defeat a motion for summary judgment by attempting to create genuine issues of material fact through affidavits…that contradict their own depositions).

Moreover, Teague's statements contained in his complaint against Taylor and his answer to the Caterpillar complaint that he purchased the 247B for the amount necessary to pay off Caterpillar constitute binding judicial admissions that Teague knew of the existence of the Caterpillar lien. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) quoting *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982); *see also Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence."). A judicial admission must be "deliberate, clear, and unambiguous," *MacDonald v. GMC*, 110 F.3d 337, 341 (6th Cir. 1997). Teague's statement about his agreement with Taylor, which could only be premised on his knowledge of Caterpillar's security interest, is a judicial admission which is corroborated by Taylor's testimony. [Doc. 12, Exhibit, Taylor 2004 Exam, p. 19-20].

Based on the record, Teague has not established the existence of an omission or false representation made by Taylor to Teague. A failure of proof by the nonmoving party on an

6

essential element results in summary judgment for the moving party, and all other facts become immaterial. *Celotex Corp.*, 477 U.S. at 323. Based on Teague's failure, the claim alleged in the complaint fails and Taylor is entitled to judgment as a matter of law.

The Court shall enter an order of judgment consistent herewith.

Service to all those in the CM/ECF notification
system to receive notice in this case.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Tuesday, June 19, 2012**
**(jms)**